UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-64-HRW

LARRY SETTLES
and
LISA SETTLES,                                                                    PLAINTIFFS,

v.                         MEMORANDUM OPINION AND ORDER

WAL-MART STORES, INC.,
WAL-MART STORES EAST,
LIMITED PARTNERSHIP
a/k/a WAL-MART STORES EAST, LP
and
BOB POOLE,                                                                       DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Summary Judgment [Docket No. 15]. The matter has been fully briefed by the parties [Docket Nos. 15-1, 18, 25 and 26-2]. For the reasons set forth herein, the Court finds that Defendants are statutorily immune from tort liability and, therefore, entitled to judgment as a matter of law.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises from an accident which occurred on September 3, 2012 at the Wal-Mart in Louisa, Kentucky. On that day, Plaintiff Larry Settles was delivering merchandise from Wal-Mart's Distribution Center to various Wal-Mart locations in Kentucky. In his deposition, Plaintiff testified that he arrived at the Louisa Wal-Mart and the Wal-Mart merchandise was removed from his tractor/trailer, by Wal-Mart employees, into the receiving area of the store. [Deposition of Larry Settles, Docket No. 15-2, p. 95]. He recounted that after the merchandise

was unloaded, he bent down to secure the latch of his trailer door. *Id.* at 95. As he stood up to finish the delivery process, he claims that a Wal-Mart employee accidently lowered a dock door onto him, causing injury *Id.* at 95-96. After completing the delivery at the Louisa store, he drove to the next Wal-Mart store, completed his delivery there, and returned to the Wal-Mart Distribution Center. *Id.* at 133-134.

Plaintiff is a tractor/trailer driver and regularly transported merchandise from the Wal-Mart Distribution Center to Wal-Mart stores. He testified that he delivered merchandise for Wal-Mart on a daily basis, delivering to Wal-Mart stores 3 or 4 times per night. *Id.* at 37, 38, 71.

Plaintiff was not hired directly by Wal-Mart. Before the accident, Wal-Mart contracted with Schneider, a trucking company, to transport Wal-Mart merchandise from the Distribution Center and deliver it to its stores. *Id.* at 26-27. Schneider, in turn, subcontracted those services to Mercer Transportation, who then subcontracted the services to L & D Transportation. *Id.* Plaintiff was employed by L & D Transportation. *Id.*

Plaintiff filed this lawsuit against Wal-Mart Stores, Inc., Wal-Mart Stores East, Limited Partnership aka Wal- Mart Stores East, LP, and Bob Poole (collectively referred to herein as "Wal-Mart"), in Lawrence Circuit Court, alleging that Defendants breached their duty of care and are responsible for the injuries he sustained. [Docket No. 1-1]. His wife, Plaintiff Lisa Settles, asserts a claim for loss of consortium. *Id.*

Defendants filed a Notice of Removal, alleging federal jurisdiction pursuant to 28 U.S.C. § 1332 [Docket No. 1].

Defendants seek summary judgment as to all claims alleged herein. They argue that Wal-Mart is the "up-the-ladder" employer of Plaintiff pursuant to KRS § 342.610(2), and,

2

therefore, is statutorily immune from tort liability to Plaintiff. According to Defendants, Plaintiffs' sole remedy for any injury lies in the Kentucky Workers' Compensation Act. They further argue that Plaintiff Lisa Settles cannot maintain her derivative loss of consortium claim against Wal-Mart and her claim must also be dismissed.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 ( c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views all evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). " 'The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [non-moving party].' " *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

## III.  ANALYSIS

In order to prevail, Wal-Mart must demonstrate that there is no genuine issue of material fact concerning its immunity from tort liability under Kentucky law.

Wal-Mart argues that the Kentucky Workers Compensation Act ("KWCA") provides the

3

exclusive remedy for Plaintiffs.

With regard to exclusivity of workers compensation, KRS 342.69 provides that is an employer secures payment of workers compensation as required by the KWCA, "the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer . . . ." KRS 342.690(1) "For purposes of this section, the term "employer" shall include a "contractor" covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation." *Id.*

Whether an employer is deemed a "contractor" is addressed in KRS 342.610(2) which provides, in pertinent part:

> (2) A contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter. Any contractor or his or her carrier who shall become liable for such compensation may recover the amount of such compensation paid and necessary expenses from the subcontractor primarily liable therefor.
> A person who contracts with another:
>
> ....
>
> (b) To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person
>
> shall for the purposes of this section be deemed a contractor, and such other person a subcontractor.

KRS 342. 610(2).

Wal-Mart asserts that although Plaintiff was not directly employed by Wal-Mart, Wal-Mart is deemed a "up-the-ladder" employer. The Kentucky Supreme Court has outlined the

4

"up-the-ladder" defense as follows:

> If premises owners are "contractors" as defined in KRS 342.610(2)(b), they are deemed to be the statutory, or "up-the-ladder," employers of individuals who are injured while working on their premises and are liable for workers' compensation benefits unless the individuals' immediate employers of the workers have provided workers' compensation coverage. If deemed to be "contractors," the owners, like any other employers, are immune from tort liability [exclusive remedy immunity] with respect to work-related injuries whether or not the immediate employer actually provided workers' compensation coverage. Thus, whether an owner is entitled to "exclusive remedy" immunity depends upon whether the worker was injured while performing work that was "of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession" of the owner. If so, the owner is immune; if not, the owner is subject to tort liability.

*General Electric v. Cain*, 236 S.W.3d 579, 585 (Ky. 2007)(internal citations omitted).

In determining whether Wal-Mart can be deemed "up-the-ladder", and thus, statutorily immune from tort liability, this Court must discern whether Wal-Mart has demonstrated that it s a "contractor" as defined in KRS 342.610(2) and if it has secured payment of compensation, as required by KRS 342.610(2) and 342.690(1).

5

A.  **Wal-Mart is a "contractor".**

Whether Wal-Mart is a "contractor" under the KWCA depends upon whether Plaintiff performed work that is "of a kind which is a regular or recurrent part of the work of its trade, business, occupation or profession." KRS 342.610(2).

Plaintiff alleges to have sustained injuries while transporting and delivering Wal-Mart merchandise from a Wal-Mart Distribution Center to a Wal-Mart store. Obviously, having its merchandise transported from its Distribution Center to its retails stores is essential to Wal-Mart's business, that of selling merchandise to customers. Wal-Mart contracted to have the transportation and delivery services performed by sub-contractors – ultimately, Plaintiff. This service was such a "regular" and "recurrent" part of Wal-Mart's retail business and Plaintiff transported merchandise exclusively for Wal-Mart, delivering merchandise every day, 3 or 4 times per day. Transporting and delivering goods and merchandise from Wal-Mart's Distribution Center to its retail stores is a "regular or recurrent part of" its retail business. Therefore, in this instance, Wal-Mart is a "contractor" as defined by KRS 342.610(2).

Interpreting Kentucky law, courts have consistently held transporting merchandise from a storage facility to a retail is considered a "regular or recurring part of" retail business. *See e.g. Smothers v. Tractor Supply Co.*, 104 F. Supp 2d 715, 718 (W.D. Ky. 2000)(recognizing that "[t]ransporting merchandise from a central storage facility to retail stores is essential element of operating a nationwide retail chain consisting of many stores" and granting defendant retailer's motion for summary judgment on the "up the ladder" defense); *Wright v. Dolgencorp, Inc.*, 2004 Ky. App. LEXIS 280 (Ky. Ct. App. 2004)(affirming grant of summary judgment to defendant retailer on the "up the ladder" defense as delivery of goods from central warehouse to retail

6

stores was a regular and essential aspect of retail business); *Brock v. Ford Motor Co.*, 2013 U.S. Dist. LEXIS 158024, at *9-10 (W.D. Ky. 2013)(granting defendant summary judgment on the "up the ladder" defense as transporting and delivering automobile parts from a vehicle manufacturing plant to a contractor was a "regular and recurrent part" of the manufacturer's business); *Giles v. Ford Motor Co.*, 126 Fed. Appx. 293, 295 (6th Cir. 2005)(affirming grant of summary judgment to defendant and holding that "the delivery of parts or goods from one company site to another is a regular and recurrent part" of its business).

Plaintiff makes much of the fact that Wal-Mart does not use its own employees to perform the task Plaintiff performed. As such, they argue that the task cannot, credibly, be considered a "regular or recurrent" part of Wal-Mart's business. As Judge Thapar recently pointed out, "[l]uckily, the Kentucky Supreme Court has spoken to this issue." In *Boyd v. Doe*, 2014 WL 5307951 (E.D. Ky. 2014). A business that never actually performs a particular job with its own employees can fall within the purview of KRS 342.610(2)(b). Boyd at *2 (internal citations omitted). "As long as the company contracts away a job it is expected to perform even if it never actually performs the job-the company can be considered a "contractor" that reassigned 'regular or recurrent' work." *Id*. The Plaintiff in Boyd sought damages for injuries he sustained while working on a construction job spearheaded by Messer Construction Company. Messer subcontracted Elliot contracting to install heating, ventilation and air condition ("HVAC"), plumbing and electrical systems. Plaintiff Simon Boyd was one of Elliot's employees. While on the site, Boyd returned from a break at work, walked into a dark area of the construction site, and fell six feet into an elevator shaft. Boyd filed a lawsuit against Messer.

Messer sought summary judgment, asserting the up-the-ladder defense. Following

Kentucky law, Judge Thapar noted that although Messer does not regularly or recurrently install HVAC, plumbing and electrical systems, "installing HVAC, plumbing, and electrical systems are jobs that a construction company is expected to perform." *Id.* He held "as a matter of law, installing HVAC, plumbing, and electrical systems are Messer's 'regular or recurrent' jobs. By reassigning these jobs to Elliott, Messer falls under the Act's definition of 'contractor.'" *Id.*

Similarly, in this case, although Wal-Mart does have its own fleet of trucks and drivers, the transportation of merchandise between the warehouse and the store is a task Wal-Mart is "expected to perform" in order to function as a retail store.

Plaintiff also insists that his status as an independent contractor thwarts the up-the-ladder defense. It does not. Kentucky courts have expressly rejected this very argument, holding that if the alleged tortfeasor is a "contractor" and secured the payment of compensation, then the "up-the-ladder" defense bars tort liability despite the injured party's status as an independent contractor. *Brock*, 2013 U.S. Dist. LEXIS 158024. The Sixth Circuit has recognized that "the relevant inquiry under the KWCA is not whether the injured worker is an employee or independent contractor, but rather whether the task the independent contractor is hired to perform is a regular or recurrent part of the work of the trade, business, occupation, or profession of the premises owner." *Black v. Dixie Consumer Prods. LLC*, 516 Fed. App'x 412, 415 (6th Circuit 2013). Thus, an injured worker's status as an independent contractor is irrelevant to the "up the ladder" defense. *Id.*

As established by *Smothers*, *Wright*, *Brock*, and *Giles*, transporting merchandise from Wal-Mart's Distribution Center to its retail stores is a "regular or recurrent part of" Wal-Mart's business. Therefore, it is a "contractor" for the purposes of the KWCA.

8

### B. Wal-Mart secured the payment of compensation to Plaintiff.

The second prong of the up-the-ladder inquiry is whether Wal-Mart has secured the payment of compensation to Plaintiff.

Proof of workers' compensation coverage can be established through a certificate of coverage from the Department of Workers' Claims. *Brock*, 2013 U.S. Dist. LEXIS 158024, at *11; *General Electric Co.*, 236 SW3d. at 605. Once proof of coverage is provided, "the burden shifts to the worker to show that the coverage is in some way deficient." *Brock*, 2013 U.S. Dist. LEXIS 158024, at *11.

Attached to its dispositive motion, is a certificate of coverage from the Kentucky Labor Cabinet Department of Workers' Claims as well as a Workers Compensation and Employer Liability Policy Information Page from Chartis. [Docket Nos. 15-3 and 4]. This is deemed sufficient proof.

Plaintiff does not dispute that Wal-Mart secured such benefits for him. Therefore, this issue cannot be considered to be one that would preclude summary judgment.

### C. Lisa Settle's claims do not survive summary judgment.

Loss of consortium is a derivative claim, which will rise or fall with the central allegation of negligence. *See generally, Hardin v. Action Graphics, Inc.*, 57 S.W.3d 844 (Ky. 2000). As Wal-Mart is shielded from liability from Larry Settle's direct tort claim, it also immune to Lisa Settle's derivative claim.

### IV. CONCLUSION

Under the KWCA, Wal-Mart is Plaintiff's "up-the- ladder" employer. As such, Wal-Mart is entitled to statutory immunity from tort liability for Plaintiffs' claims and the KWCA is

Mr. Settles' exclusive remedy for any injuries arising from his accident. Therefore, Wal-Mart is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 15] be **SUSTAINED**.

This 7th day of May, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge